IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA FRASHER, | ) | |
| on behalf of herself and all other | ) | |
| plaintiffs similarly | ) | |
| situated | ) | |
| | ) | |
| v. | ) | Case No.: 1:17-cv-3701 |
| | ) | |
| EDLS, INC. d/b/a Tasty Waffle, and | ) | |
| LEFTERIS ELEFTERDIADIS | ) | |
| Defendants. | ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Christina Frasher ("Christina") on behalf of herself and all other plaintiffs similarly situated, by and through her attorneys, and for her Class and Collective Action Complaint against EDLS, Inc. d/b/a Tasty Waffle ("Tasty Waffle") and Lefteris Elefterdiadis ("Elefterdiadis") states as follows:

### Parties

1. Plaintiff is a resident of Illinois and worked as a server for Tasty Waffle in Romeoville, Illinois.

2. During the course of her employment with Defendants, Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

3. Defendant EDLS, Inc. is an Illinois corporation owning and operating "Tasty Waffle" restaurant at 642 S. Weber Road, Romeoville 60446.

4. Defendant Tasty Waffle is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

5. Lefteris Elefteriadis is the owner of EDLS, Inc. and oversaw the policies and practices described herein.

6. Defendant Tasty Waffle is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203 (s)(1)(A) of the FLSA. 29 U.S.C. §203(s)(1)(A).

7. During the last three years, Defendant Tasty Waffle's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

8. Defendant Tasty Waffle was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

9. Defendant Tasty Waffle was Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

10. Plaintiff was Defendant Tasty Waffle's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

11. Plaintiff was Defendant Tasty Waffle's "employee" as defined by the IMWL. 820 I05/3(d).

## Jurisdiction and Venue

12. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

13. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

14. Christina worked for Tasty Waffle within the past three years as a server.

15. Plaintiff and other similarly situated servers are purportedly paid an hourly wage of $4.95 by the Defendants.

**Deductions**

16. The Defendants made various deductions from Plaintiff's, and other similarly situated employees, wages and tips.

17. Defendants have a standard written policy detailing some of these deductions. See Exhibit 1.

18. Due to various deductions from wages the Plaintiff and similarly situated servers were actually being paid below 4.95 per hour.

19. Due to various deductions from tips, the Defendants violated the tip credit exemption and are not entitled to use the tip credit when paying Plaintiff and other similarly situated employees.

20. Plaintiff and other similarly situated employees did not agree to the deductions in writing at the time deductions were made.

**Off The Clock Work**

21. Plaintiff and other similarly situated servers were required to perform work off the clock (i.e., when they were not being paid).

22. Servers are required to be at the restaurant at least one-half hour before the start of their shifts and before they are on the clock to help perform work.

23. At the end of a shift, servers are required to work approximately an additional one-half hour off the clock. During this time, they would perform side work and perform various other tasks.

24. Defendants have written policies that servers are not allowed to leave until all side work is completed, table items are filled, and silverware is rolled, and these tasks are cleared by a supervisor. See Exhibit 1.

25. One day per week, Defendants require all servers, including Plaintiff, to perform extensive work off the clock for a "bleach down" of the restaurant after the location closes. During this time the servers perform a comprehensive cleaning of the restaurant. This cleaning includes taking everything off of tables, shelves, and out of food storage units and cleaning ever surface in the restaurant with bleach. This would often require an additional significant amount of time to be worked for free at the end of the day, which was not compensated.

## CLASS AND COLLECTIVE ALLEGATIONS

26. Plaintiff seeks to maintain this suit as a Collective Action pursuant to 29 U.S.C. §216(b) and as a Class Action pursuant to Fed. R. Civ. Pro. 23 on behalf of herself and all other servers who worked uncredited and uncompensated hours, who had deductions made to their wages, and who were paid less than the applicable minimum wage because of a violation of the tip credit requirements.

27. Plaintiff and other similarly situated current and former employees in the asserted classes regularly were not paid for all hours actually worked and had various wage and tip deductions described above.

28. At all times material to this Complaint, Defendants failed to comply with the FLSA in that Plaintiff and those similarly situated to her performed services for Defendants for which no provision was made by Defendants to pay Plaintiff and similarly situated persons the correct rate of pay or compensate them for all hours worked.

29. Defendants have encouraged, permitted, and required the Class to work without properly paying them for all hours worked and have actively made the deductions described above.

30. There are other current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a collective action and a class action are superior procedures for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

31. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

32. Plaintiff will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the collective

**COUNT I - FAIR LABOR STANDARDS ACT**
(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)

33. The Plaintiff re-alleges and incorporates by reference paragraphs 1-32.

34. At all relevant times, Defendants employed and/or continued to employ Plaintiff and each member of the proposed classes of hourly employees within the meaning of the FLSA.

35. Defendants failed to compensate Plaintiff and similarly situated servers the applicable minimum wage for all hours worked. This resulted in employees not receiving compensation and minimum wage for all hours they worked.

36. Although Defendants took a tip credit in paying hourly wages to Plaintiff and proposed Collective members, Defendants failed to comply with the predicate requirements under the Act. 29 U.S.C. §203(m).

37. Defendants did not pay servers all the hours that the servers worked and failed to pay the applicable minimum wage by making wage and tip deductions described herein.

38. Upon information and belief, Defendants' practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

    A.    Compensation in the amount of the owed minimum wages for all time worked by Plaintiff and the Class;

    B.    Compensation in the amount of all wage and tip deductions made by Defendants;

    B.    An additional amount equal as liquidated damages;

    C.    Prejudgment interest;

    D.    Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

    E.    Such other and further relief as this Court deems appropriate and just.

**COUNT II - ILLINOIS MINIMUM WAGE LAW**
(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)

39. Plaintiff hereby alleges and incorporates Paragraph 1 through 38 of this Complaint, as is fully set forth herein.

40. This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.,* for its failure to pay Plaintiff and the class of tipped employees that she represents all earned minimum wages. Plaintiff and the class are current and former server employees of Defendants who are due, and who have not been paid, minimum wages under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* Plaintiff brings this Count as a class action under Rule 23. Fed. R. Civ. P. 23.

41. Under the IMWL the Defendants remain obligated to compensate Plaintiff and similarly situated employees for all hours worked at minimum wage of $4.95 per hour for tipped employees.

42. Defendants violated the IMWL by failing to compensate Plaintiff and members of the proposed class for all hours worked and, due to wage and tip deductions, failed to pay wages consistent with the minimum wage provisions.

43. As a result of Defendant's violation of the tip credit provision that would otherwise allow it to utilize a tip credit, Plaintiff and similarly situated employees have been further damaged in that they have not received minimum wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief:

A. Certification of a class of similarly situated Plaintiff defined as all current and former hourly employee servers of Defendants in the State of Illinois who were paid below the applicable minimum wage. The relevant time period is for work performed the three (3) years preceding this lawsuit to the day of trial.

B. A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff and the Class;

C. A declaratory judgment that Defendants' violations of the IMWL were willful;

D. A judgment to Plaintiff and the Class in the amount of unpaid wages;

E. A judgment to the Plaintiff and the Class of punitive damages as provided by IMWL;

F. A judgment to Plaintiff and the Class of reasonable attorneys' fees and costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)

44. Plaintiff hereby allege and incorporate Paragraphs 1 through 43 of this Complaint, as is fully set forth herein.

45. This count arises from Defendant's violation of the IWPCA, 820 ILCS 115. 820 ILCS §115/4 provides in part that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

46. 820 ILCS 115/9 provides as follows:

> Except as hereinafter provided, **deductions by employers from wages or final compensation are prohibited** unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, **given freely at the time the deduction is made**; (5) [made by certain governmental entities]. (emphasis added)

47. By making deductions referenced herein Defendants failed to pay Plaintiff and members of the Class wages earned.

48. The foregoing actions of Defendants constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS § 115/3 et seq. Defendants' actions were willful and not in good faith.

49. Defendants are liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115 et seq. and the Illinois Code of Civil Procedure 735 ILCS §5/2-801 and §5/2-802.

WHEREFORE, Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

A. Certification of a class of similarly situated Plaintiff defined as all current and former servers of Defendant in the State of Illinois who had a deductions made from their pay. The relevant time period is for work performed within the ten years preceding this lawsuit to the day of trial;

B. A declaratory judgment that Defendant violated the IWPCA as to the Plaintiff and the Class;

C. A declaratory judgment that Defendant's violations of the IWPCA were willful;

D. A judgment to Plaintiff and the Class in the amount of unpaid wages;

E. A judgment to Plaintiff and the Class of punitive damages as provided by IWPCA.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated May 17, 2017                              Respectfully Submitted,

By: /s/ David Fish
One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563